NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LARRY SHEDD, *Appellant.*

No. 1 CA-CR 18-0757
FILED 10-8-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-108484-001
The Honorable Warren J. Granville, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Andrew C. Marcy
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

---

J O H N S E N, Judge:

¶1          Larry Shedd appeals his conviction of aggravated robbery and the resulting sentence.  He argues the superior court violated his confrontation right when it precluded him from presenting evidence of the victim's motive to lie.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Hearing a knock, the victim opened the front door to his apartment and encountered a man who punched him in the face and ordered him to lie face-down on the couch.[1]  Accompanied by Shedd, the man then entered the apartment and gathered up some of the victim's possessions, including his cell phone and stereo equipment.  Eventually, noticing it was "real quiet," the victim rose, grabbed a sword from his bedroom and went outside to "try to stop" the intruders.

¶3          Holding his sword, the victim approached Shedd and the other man outside the apartment and repeatedly warned them to stay where they were.  Ignoring the victim's warnings, Shedd approached the victim, who struck Shedd with the sword several times until Shedd fell to the ground, injured.  At that point, the other man drove off.  Police found Shedd's jacket outside the victim's apartment; inside the jacket was the victim's cell phone.  They also found the victim's stereo equipment sitting outside his apartment.

¶4          The State charged Shedd with one count of aggravated robbery, a Class 3 felony, in violation of Arizona Revised Statutes ("A.R.S.")

---

[1]    We state the facts from the evidence at trial in the light most favorable to sustaining the jury's verdict and resolve all inferences against Shedd.  *See State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

section 13-1903 (2019).[2]    Before trial, the State moved to preclude photographs of the injuries Shedd sustained when the victim struck him with the sword, along with expert medical testimony Shedd intended to offer about those injuries.  The State also moved to preclude Shedd from questioning the victim and other witnesses at trial about any criminal liability the victim might face from using the sword in the incident.  The court granted the State's motions in large part, although it ruled Shedd could cross-examine the victim about the victim's account of his use of the sword on Shedd.

¶5            Then, just before trial, the State granted the victim "use immunity," which would bar the State from using the victim's testimony in Shedd's trial against the victim in another matter.  After the State disclosed the immunity grant, the court ruled that Shedd could cross-examine the victim about it and also ruled that it would admit in evidence one photograph showing Shedd receiving medical treatment from a sword wound outside the victim's apartment.

¶6            The jury convicted Shedd, and the court sentenced him as a category-three repetitive offender to nine years in prison, a term less than the minimum under A.R.S. § 13-703(J) (2019).  Shedd timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).

## DISCUSSION

¶7            Shedd argues the superior court violated his confrontation right when it barred him from presenting evidence of the injuries the victim inflicted on him and of the victim's potential criminal liability for those injures.  Shedd contends the evidence would have showed the victim was biased and had a motive to lie about the incident.

¶8            The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to confront adverse witnesses.  *See Pointer v. Texas*, 380 U.S. 400, 403 (1965) (guarantee applies in state proceedings).  The superior court may, however, limit a defendant's right of confrontation to evidence and testimony "which is relevant and not unduly prejudicial."  *State v. Oliver*, 158 Ariz. 22, 30-32 (1988); *see also State v. Riggs*, 189 Ariz. 327, 331 (1997).

---

[2]      Absent material revision after the date of an alleged offense, we cite a statute's current version.

¶9        On appeal, Shedd challenges three categories of evidence the superior court precluded.  He first argues the court erred by barring him from calling an expert witness to opine that one of the initial blows he suffered from the victim's sword nearly severed his patellar tendon, making it all but impossible for him to continue advancing toward the victim as the victim asserted he had done.  The court, however, allowed Shedd to cross-examine the victim with evidence that his blow to Shedd's knee severed a tendon.  The jury, thus, knew even without the expert testimony that the victim had severely impaired Shedd's ability to walk.

¶10        Second, Shedd challenges the court's ruling precluding all but one of the photographs he sought to offer of his injuries.  On appeal, he argues the photographs would have shown his injuries were severe, thereby undermining the victim's testimony that his sword was not sharp.  By Shedd's own explanation, the photographs were offered solely to impeach the victim on a collateral issue.  The court did not err by excluding them on that basis and for the additional reason that they would tend to inflame the jury and that their minimal probative value therefore was substantially outweighed by a danger of unfair prejudice.  *See State v. Hill*, 174 Ariz. 313, 325 (1993) (extrinsic evidence may not be offered to impeach witness on collateral issue); Ariz. R. Evid. 608(b) (same); Ariz. R. Evid. 403 (evidence may be excluded if its probative value is substantially outweighed by possible prejudice).

¶11        Third, Shedd argues the court erred by precluding him from offering evidence that the victim was subject to criminal liability for possessing the sword (the victim was a prohibited possessor) and using the sword against Shedd.  Shedd argues such evidence would have allowed the jury to conclude the victim was motivated to lie when he described the incident.

¶12        The jury, however, heard the victim acknowledge during his testimony that he committed a felony by *possessing* the sword.  Even if, as Shedd argues, the court erred by precluding him from cross-examining the victim about possible criminal liability for *using* the sword, we will not reverse his conviction if the error was harmless.  *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

¶13        When determining whether such an error is harmless, we consider factors including

> the importance of the witness' testimony in the prosecution's
> case, whether the testimony was cumulative, the presence or

absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Id*.

**¶14** Here, the victim's account of the robbery was not cumulative; to the contrary, his testimony was critical to the prosecution's case. As noted, however, the jury heard other evidence that undercut the victim's account of his altercation with Shedd and heard the victim acknowledge that he committed a felony by possessing the sword. Most significantly, it also heard overwhelming evidence of Shedd's guilt. The jury saw photographs showing that the blow from the man at the door had bloodied the victim's chin and heard that police found the victim's cell phone in Shedd's jacket and the victim's stereo equipment sitting on the ground outside his apartment. This evidence corroborates the victim's testimony that after the other man punched him, the man and Shedd entered the victim's apartment and took some of his possessions. That evidence, along with the victim's testimony, formed the factual basis for Shedd's conviction of aggravated robbery. *See* A.R.S. §§ 13-1902 (2019), -1903 (aggravated robbery is the intentional use or threat of force when taking another's property and an accomplice is present). In sum, we conclude that after a careful review of the record, even if the court erred by precluding the evidence Shedd sought to have admitted, "the error was harmless beyond a reasonable doubt." *Van Arsdall*, 475 U.S. at 684.

## CONCLUSION

**¶15** For the reasons stated above, we affirm Shedd's conviction and resulting sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA

5